62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Frederick KRUEGER, Defendant-Appellant.
 No. 95-6082.
(D.C.No. CR-92-83-C)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 A jury convicted defendant Harold Frederick Krueger of one count of conspiracy, eight counts of mail fraud, six counts of wire fraud, and one count of money laundering. Defendant appealed his conviction and sentence to this court. We affirmed his conviction, but remanded for resentencing. See United States v. Krueger, No. 93-6009 (10th Cir. Aug. 31, 1994).
 
 
 3
 After he was resentenced, defendant moved for a new trial based on allegedly newly discovered evidence. The district court denied defendant's motion for a new trial, and he now appeals.
 
 I. Discussion
 
 4
 "On appeal, we review a district court's denial of a motion for a new trial for an abuse of discretion." United States v. Edgmon, 952 F.2d 1206, 1211 (10th Cir.1991), cert. denied, 112 S.Ct. 3037 (1992). For a defendant to obtain a new trial based on newly discovered evidence, the new evidence "must be more than impeaching or cumulative; it must be material to the issues involved; it must be such as would probably produce an acquittal; and ... with reasonable diligence, could [not] have been discovered and produced at trial.' " United States v. Page, 828 F.2d 1476, 1478 (10th Cir.) (quoting United States v. Allen, 554 F.2d 398, 403 (10th Cir.), cert. denied, 434 U.S. 836 (1977)), cert. denied, 484 U.S. 989 (1987).
 
 
 5
 In the present case, defendant contends[2] that he has recently discovered exculpatory evidence. This evidence consists of (1) a witness's description of an unknown man that matches defendant's description of "Barry Kent," the existence of whom would have made defendant's own testimony more credible; and (2) a notary public who could have provided testimony relating to the timing of the execution of a lease. The district court held that "[t]he evidence defendant contends is newly discovered' was available to defendant prior to trial" and denied defendant's motion.
 
 
 6
 We agree with the district court. Our review of the record reveals that the government provided defendant with witness statements, including that of the allegedly corroborating witness. Defendant also had a copy of the lease agreement before trial. Consequently, the district court did not abuse its discretion in denying defendant's motion for a new trial.
 
 
 7
 The decision of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because defendant is representing himself, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)